LIVINGSTON *v.* THE PERU IRON COMPANY, 9 Wend. 511 to 538.

### Adverse Possession under Fraudulent Deed.

THIS was a bill to set aside a deed of premises, charging it to have been fraudulently obtained by the grantees, and praying other appropriate relief. The complainant was the grantee of the same premises under a deed *bona fide* and for good consideration.

The Chancellor decided that the fraud in obtaining the deed was sufficient to avoid it, but that the complainant was not in a situation to take advantage of it, as his own deed was void, being executed to him when Murray and Palmer were in *possession,* under the first deed, and *holding adversely.*

In the Court of Errors, on appeal from this decree, Savage, Ch. J., in his opinion in favor of *reversal,* states this to be the only question presented to the court. The court held, in conformity to his opinion, that a deed fraudulently obtained, is not available as the foundation of an adverse possession, so as to avoid a subsequent conveyance: nor is a deed available for such purposes executed by a person assuming to act as the attorney of the grantor, but without authority, when such want of authority is known to the grantee.

It was also held that to constitute a *possession adverse,* so as to bar a *recovery,* or to *avoid a deed* subsequently executed by the true owner, the party setting up the possession must in making his *entry* upon the land, act *bona fide;* he must rely upon his title; he must believe the land to be his, and that he has title thereto, although his title may not be rightful or valid, but if the title be an absolute nullity, as a deed obtained by *fraud* or *forgery,* it will not serve as the foundation of an adverse possession.

Judgment reversed, 10 to 8.